

EOD
01/07/2013

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL R. MUNRO and | § | Case No. 10-43542 |
| STEPHANIE MUNRO, | § | (Chapter 7) |
| | § | |
| Debtors. | § | |
| | § | |
| MARK A. WEISBART, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 11-4187 |
| | § | |
| WILLIAM J. MOMPHARD, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION REGARDING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]**

Mark A. Weisbart, the chapter 7 trustee, initiated this adversary proceeding in order to obtain authority to sell the interests of both the bankruptcy estate and the defendant in the defendant's home pursuant to 11 U.S.C. § 362(h) and Federal Rule of Bankruptcy Procedure 7001(3). The defendant opposes the relief sought by the chapter 7 trustee and requests a summary judgment that the chapter 7 trustee cannot meet his burden of proof under § 362(h) as a matter of law. The Court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O) and 1334(b), (b) and (e)(1).

---
[1] Pursuant to Federal Rule of Bankruptcy Procedure 7052, this Opinion constitutes the Court's findings of fact and conclusions of law.

1

I.   **UNCONTESTED FACTS**

On October 12, 2010, the debtors, Michael and Stephanie Munro, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On their Schedule A – Real Property, the debtors disclosed that they held legal title to the defendant's home, which is located in Silex, Missouri. The defendant's home is worth approximately $133,000, according to the debtors' schedules, and is encumbered by a lien in favor of U.S. Bank in the sum of $48,071.

The material facts in this case are not disputed. The defendant, William J. Momphard, is the father of Stephanie Munro. The defendant has lived in his home since 1985, when the defendant and his ex-wife acquired a portion of the property from the defendant's aunt. In 1991, pursuant to the terms of a divorce decree, the defendant took a mortgage on the property and bought out his ex-wife's interest.

In 1993, the defendant purchased the remainder of the property from his aunt. In order to finance the purchase, he took out a loan that he did not qualify for on his own credit. Stephanie, who was the only one of the defendant's daughters above the age of 18 at that time, agreed to co-sign the loan. The defendant paid all costs associated with obtaining the financing in 1993.

During the financing process, as an estate planning device, the defendant added Stephanie's name to the 1993 General Warranty Deed covering the entirety of the property. Stephanie is listed on the 1993 General Warranty Deed as a joint tenant with a right of survivorship.[2] Stephanie and the defendant intended and agreed that Stephanie

---

[2] Stephanie has signed two loan agreements relating to the property since her father added her to the General Warranty Deed in 1993. In particular, in December 2005, Stephanie and the defendant signed a term note in the principal amount of $98,000 secured by the property. In May 2010, Stephanie and the defendant signed an amendment to the loan agreement.

2

would take only bare legal title to the property when the defendant added her name to the General Warranty Deed.  Stephanie and the defendant further intended and agreed that Stephanie would hold her legal interest in the property exclusively for the defendant's benefit.  The defendant has maintained his home and paid all property taxes, insurance, and maintenance expenses since 1985.  In addition, the defendant has made all mortgage payments with respect to his home (with the exception of three payments Stephanie made for the defendant when he was not able to make those payments on his own).

Stephanie married Michael Munro on June 28, 2004.  In order to disclaim any interest in the defendant's home he might have acquired by operation of law due to the marriage, Michael quitclaimed his interest in the property to the defendant and Stephanie.  Michael received no consideration for the quit claim deed.  Michael has never resided at the defendant's home or made any payment toward any expense relating to the property.

## II.    ANALYSIS

Federal Rule of Civil Procedure 56(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial.  Here, since the plaintiff has the ultimate burden of proving compliance with the statutory requirements of 11 U.S.C. § 363(h), *see, e.g., In re Levenhar,* 30 B.R. 976, 981 (Bankr. E.D.N.Y. 1983), the defendant may satisfy his burden under Rule 56 by either submitting affirmative evidence that negates an essential element of the plaintiff's claim, or demonstrating that the plaintiff's evidence is

3

insufficient to establish an essential element of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986); *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

The defendant in this case seeks to negate essential elements of the chapter 7 trustee's § 362(h) claim. Section 362(h) provides that "the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety," but only if the trustee can establish each of the following four elements:

> 1. The partition in kind of the property among the estate and co-owners is impracticable.
>
> 2. The sale of the estate's undivided interest in the property would realize significantly less for the estate than the sale of the property free of the interests of co-owners.
>
> 3. The benefit to the estate of a sale of the property free of the interests of co-owners outweighs the detriment to such co-owners.
>
> 4. The property is not being used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 362(h).

In his motion for summary judgment, the defendant argues that he is the equitable owner of his home. The defendant argues that his beneficial interest in the home, and any proceeds of its sale, is not property of the debtors' estate. The defendant contends that the trustee merely holds legal title and cannot demonstrate that the sale of legal title to property will benefit the debtors' estate. Thus, according to the defendant's arguments, the trustee is unable to meet requirement of § 363(h) because he cannot establish that the

benefit to the debtors' estate of a sale of the defendant's home will outweigh the detriment to the defendant.

**A. Resulting Trust**

The defendant has submitted affidavits in support of his motion for summary judgment, seeking to establish that his home is held by Stephanie under a resulting trust. A resulting trust is one implied by law from the acts and conduct of the parties and the facts and circumstances surrounding the transaction out of which it arises. *In re Marriage of Hunt,* 933 S.W.2d 437, 442 (Mo. App. S.D. 1996) (citing *Prange v. Prange,* 755 S.W.2d 581, 582 (Mo. App. E.D. 1987)). As relevant to this proceeding, a resulting trust arises "where one pays the purchase price for land with legal title taken in another." *Id.* In addition, if as a part of the purchase price a note is given by the purchaser at the time the deed is passed, and the resulting trust claimant thereafter makes payments on said note, a resulting trust arises if at the time the note was given there was an understanding that the claimant should pay it. *Adams v. Adams,* 156 S.W.2d 610, 616 (Mo. 1941). *See Dougherty v. Duckworth,* 388 S.W.2d 870, 875 (Mo.1965); *MacNeil v. MacNeil,* 312 Mass. 183, 43 N.E.2d 667 (1942).

The theory behind a resulting trust is that one who provides purchase money for property intends to receive the benefit of that property. *Tomasovic v. Tomasovic,* 845 S.W.2d 661, 664 (Mo. App. E.D. 1992) (citing *Dallas v. Dallas,* 670 S.W.2d 535, 539 (Mo. App. E.D. 1984)). A resulting trust arises, if at all, the instant a deed is taken. *Correale v. Hall,* 9 S.W.3d 624, 627 (Mo. App. E.D .1999) (quoting *Dallas,* 670 S.W.2d at 539). The claimant of a resulting trust must bear the burden of proving the claim by clear, cogent and convincing evidence. *Ellis v. Williams,* 312 S.W.2d 97, 102 (Mo.

5

1958). "It has further been held that oral evidence to establish a trust in opposition to the record title must be so clear and convincing 'as to exclude all doubt from the mind of the court.'" *Id. See also Swon v. Huddleston,* 282 S.W.2d 18, 25 (Mo. 1955)).

The defendant compares the facts of this case to *Ham v. Ham*, 691 S.W.2d 955 (Mo. App. W.D. 1978). In *Ham*, the husband's parents helped them purchase the marital home by making a $1000 down payment and signing the mortgage. The husband's parents took legal title in their names and agreed they would convey title to the husband and wife when they were repaid. The husband and wife lived in the home during the marriage and made all payments on the mortgage. When the parents divorced, however, the father attempted to renege on his agreement. The children sued and sought the imposition of a resulting trust. The court found that a resulting trust had arisen for the benefit of the children and determined the parents held legal title in trust for the husband and wife. *Ham,* 691 S.W.2d at 945–46.

Here, the Court finds, by clear and convincing evidence, that the imposition of a resulting trust on the defendant's home for the benefit of the defendant is appropriate. Based upon the uncontested summary judgment evidence, the Court concludes that an agreement existed between the defendant and his daughter, Stephanie, as to the home. In particular, when the defendant added Stephanie to the General Warranty Deed in 1993, the defendant and Stephanie understood that the defendant was to retain all of the beneficial interest in his home. Moreover, the conduct of the parties further supports the proposition that the defendant and Stephanie both intended for the defendant alone to hold beneficial title to his home. The defendant lives alone in the home, and only the

6

defendant has borne the costs and risks of ownership by making the mortgage payments and paying property taxes, insurance, and other expenses.

Therefore, the evidence supports the Court's conclusion that the defendant intended to hold equitable title and intended Stephanie to acquire only legal title to the home. There are no uncontested facts that would call into question the parties' agreement. The debtors even described their interest in the defendant's home in their bankruptcy schedules as a "legal interest." The Court concludes that the parties' agreement and presumed intentions support the imposition of a resulting trust on the defendant's home in favor or the defendant.

### B. Stephanie's Interest in the Property

Having found that Stephanie acquired a legal interest in the defendant's home subject to a resulting trust, the Court now turns to the effect that imposing such a trust has on the debtors' estate. The Bankruptcy Code provides that

> [p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d). The effect of § 541(d) is to exclude property from the bankruptcy estate when it is subject to a trust properly imposed under state law. *Haber Oil Co., Inc. v. Swinehart (In re Haber Oil Co., Inc.),* 12 F.3d 426, 436 (5th Cir. 1994); *see also* 5 COLLIER ON BANKRUPTCY ¶ 541.28[2] (16th ed. 2010) ("When the existence of a prepetition constructive or resulting trust is established, the assets subject to the trust will typically be found ... *not* to be property of the estate.").

7

The estate's interest in property can rise no higher than that of the debtor's interest in the property. *See Matter of Guiding Light Corp.*, 217 B.R. 493, 497 (Bankr. E.D. La. 1998) (citing *First Fidelity Bank v. McAteer*, 985 F.2d 114, 117 (3rd Cir. 1993). Thus, the imposition of a resulting trust on the defendant's home in favor of the defendant requires the debtors — and the chapter 7 trustee as the administrator of their bankruptcy estate — to hold the home for the benefit of the defendant. The trustee would not be entitled to retain any proceeds of a sale of the defendant's home because the defendant is the beneficial owner of such proceeds. Consequently, the debtors' estate would derive no benefit from a § 363(h) sale of the defendant's home.

In a case with similar facts, the Third Circuit affirmed the decision by the Bankruptcy Court for the Eastern District of Pennsylvania to deny a chapter 7 trustee's motion for a § 363(h) sale on the ground that the debtor held the real property to be sold in a resulting trust in favor of his mother. *In re Stewart,* 325 F. App'x 82, 83–84 (3d Cir. 2009). The bankruptcy court had reasoned that

> [i]f the Debtor's interest in the Property is a bare legal interest and if one conceptualizes the possibility of a sale of that interest, it is difficult to see how the Trustee could meet the requirements of § 363(h)(3) in this case. Generally, when a trustee sells both the estate's interest and the co-owner's interest in property pursuant to 11 U.S.C. § 363(h), the trustee must account to the co-owner for the co-owner's rightful share of the net proceeds. If the bankruptcy estate holds only bare legal title, it would follow that all of the value of the property must be attributed to the beneficial owner and the bankruptcy estate would receive nothing from the sale. In these circumstances ... it is difficult to see how the benefit to the bankruptcy estate would outweigh the detriment to the co-owner, as is required by § 363(h).

*In re Stewart,* 368 B.R. 445, 449 n. 8 (citations omitted). *See also In re Coy*, 2011 WL 3667607 (Bankr. D. Del. Aug. 22, 2011) (following *Stewart*).

**III.     CONCLUSION**

For the foregoing reasons, the Court concludes that the defendant's motion should be granted. The defendant has established, as a matter of law, that the chapter 7 trustee cannot carry his burden of establishing that the debtors' estate will accrue any benefit from a § 363(h) sale of the defendant's home. Accordingly the Court will enter a separate judgment granting the motion for summary judgment filed by the defendant and imposing a resulting trust on the defendant's home for the benefit of the defendant.

Signed on 1/7/2013

_Brenda T. Rhoades_    MD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

9